UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
STEWART ALEXANDER DUGAN,

                                    **MEMORANDUM AND ORDER**

                     Petitioner,

-against-                                      11-cv-3973 (SLT)

UNITED STATES OF AMERICA,

                     Respondent.
------------------------------------------------------x

**TOWNES, United States District Judge:**

Petitioner Stewart Alexander Dugan, *pro se*, an inmate at FCI Danbury, moved for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255 in connection with a 130 month sentence he is serving after pleading guilty to participating in a conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) on the grounds of ineffective assistance of counsel in connection with his plea agreement and appeal. By order dated June 6, 2014, this Court denied the petition and declined to issue a certificate of appealability pursuant to 28 U.S.C. § 2253. Currently before the Court is Petitioner's motion for reconsideration and relief from judgment, pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. The Government has filed no papers in opposition to the motion. For the following reasons, Petitioner's motion is denied and the matter is referred to the United States Attorney's Office for the Eastern District of New York for possible prosecution for perjury.

## *Background*

By petition dated August 10, 2011, Dugan commenced the instant petition pursuant to 28 U.S.C. § 2255, seeking relief from his conviction on the grounds that he received constitutionally ineffective assistance of trial and appellate counsel. On October 20, 2011, the Government answered the petition. Petitioner filed a thorough response on November 14, 2011. Over a year

later, on April 19, 2013, Petitioner moved for leave to amend his "Traverse to the Answer" – in effect requesting leave to file a supplemental response to the Government's answer in order to raise additional facts or arguments in support of his petition. Having received no opposition from the Government, on June 21, 2013, this Court granted the motion and gave Petitioner 20 days to file a supplemental response. Petitioner did not file a supplemental response to the Government's answer within 20 days, or anytime thereafter. Nor did Petitioner inquire into the status of his outstanding motion for leave to file a supplemental response. On June 6, 2014, upon review of the submissions, including Petitioner's initial petition and opposition to the Government's answer, this Court denied the § 2255 petition on the grounds that most of Petitioner's claims could not be reviewed under the waiver clause of his plea agreement and those claims that were not waived, (1) ineffective assistance of trial counsel in securing his plea agreement and (2) ineffective assistance of appellate counsel in filing a so-called "*Anders* brief" pursuant to *Anders v. California*, 386 U.S. 738 (1967), were without merit. Judgment was entered by the Clerk of Court on June 9, 2014.

On June 23, 2014, Petitioner filed the instant timely motion to Vacate the Judgment pursuant to Rules 59(e) and 60(b)(4) of the Federal Rules of Civil Procedure, arguing that the judgment is void because it was premised on a violation of due process and this Court must vacate the judgment to prevent manifest injustice. Petitioner alleges that he did not receive notice that he had leave to file a supplemental response until June 12, 2014, when he received a copy of the docket sheet in response to a change of address notification. (Dugan Decl. ¶ 7.) Petitioner argues that his due process rights were violated when the Court subsequently denied his petition without giving him a full and fair opportunity to respond a second time to the

Government's answer. There is no indication on the docket whether the June 21, 2013 order was, in fact, mailed to Petitioner.

In a declaration submitted in support of the instant motion, Petitioner includes a summary of the facts that he allegedly would have submitted in further support of his petition, which he contends would have changed this Court's June 6, 2014 decision. Petitioner begins his declaration with the following language: "I, Stewart Alexander Dugan, hereby declare *under penalty of perjury* pursuant to 28 USC 1746 that the following is true and correct to the best of my knowledge and belief." (Dugan Decl.) (emphasis added). In his declaration, Petitioner re-summarizes the facts surrounding the two rejected plea agreements which included sentencing reductions for acceptance of responsibility and the third agreement, which he signed on the eve of trial, which did not include such a reduction. Petitioner contends, as he did in his initial petition, that, had he been informed by his attorney that he might lose the acceptance of responsibility reduction, he would have signed one of the first two plea agreements. According to his declaration, the additional "facts" that Petitioner would have included in his supplemental response are as follows:

> The day of the May 30, 2008 guilty plea hearing, I was sitting in the courtroom waiting for the Judge to enter. I was extremely anxious, nervous, and anticipating a serious problem, that is that I knew I was not going to be able to accept the government's plea agreement, as the government had dropped the 3 level AOR reduction.
>
> When the hearing commenced, the Judge began to ask me a series of questions, and at the point when she got to the part of the plea agreement that stated I was not entitled to any acceptance of responsibility points and asked me if I agreed with that, I stated that "I don't agree with how its written ... I don't agree that I shouldn't get responsibility points". See Answer, Exh B, Pg 15. 44.
>
> The Judge then stated that if I plead guilty, then she just stopped, looked down at the Court Reporter and said "Off the Record please".

3

> The Judge looked at me, smiled, and said she knew I was nervous, that it was understandable. She then said to me that even though the government had taken away the three points, that she was the Judge, and that she had the power to grant me those points.
>
> The Judge told me I appeared to be contrite, that I was sincere, that she truly believed that I had accepted responsibility for my crime and that she, the Judge would give me those points. She then told me that in order to truly accept responsibility I had to plead guilty, that I could not get those points unless I pled guilty. She then asked me if I understodd [*sic*], and I told her "Yes", she said "Really?", and I replied "Yes Ma'am". Then she looked down at the Court Reporter and simply said "Proceed".

(Dugan Decl. ¶ 42-46.) Petitioner declares that "based on the Judge's off-the-record discussiona [*sic*] and promise, [he] agreed to plead guilty." (*Id.* at 51.) He further contends that, "[a]fter the hearing was over, the Marshal's [*sic*] took [him] back to the holding cell and counsel came to see [him]. [Counsel] said 'see all that worrying for what, for nothing, the Judge will give you those points after all'. [Petitioner] remember[s] asking him whether she[, the Judge,] could take them back, and he said are you kidding, she's the Judge, you can sleep peacefully at night when the Judge tells you something like that." (*Id.* at 54.)

This alleged off-the-record conversation never happened. First, it is the practice of this Court to never go off the record during court proceedings. Further, in reviewing Petitioner's claims, the undersigned requested a copy of the transcript from this proceeding from the court reporter. The court reporter informed the Court that, not only did she have a transcript, she also made an audiotape.[1] Having reviewed the audiotape, the undersigned confirms conclusively that the undersigned did not go off the record at any point during Petitioner's plea hearing and at no time assured Petitioner that he would receive points for acceptance of responsibility. In light of Petitioner's willingness to lie, under penalty of perjury, the Court is skeptical of Petitioner's claim that he did not receive notice of the Court's June 21, 2013 Order. In any event, even

---

[1] A copy of the audiotape is in the Court's file.

4

assuming that he did not receive notice that he had leave to file a supplemental response to the Government's answer, for the following reasons, his motion to vacate the Court's order is denied.

### *Legal Standard and Availability of Rule 60(b)*

A motion for relief from a judgment or order is permitted under Rule 60(b) of the Federal Rules of Civil Procedure. A motion brought pursuant to Rule 60(b) asks the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of five specific grounds or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Here, Petitioner moves under Rule 60(b)(4), which provides for relief from a judgment where "the judgment is void." "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–71 (2010). The Second Circuit has cautioned that Rule 60(b) provides "extraordinary judicial relief" to be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "Generally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing.'" *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (citation omitted).

Where such a motion is made following the disposition of a habeas petition under §§ 2254 or 2255, the Court must first confirm that Petitioner's Rule 60(b) motion is not an unauthorized second or successive petition. In *Gonzalez v. Crosby*, the Supreme Court held that a Rule 60(b) motion constitutes a successive habeas petition if it "attacks the federal court's previous resolution of a claim *on the merits*." 545 U.S. 524, 532 (2005) (emphasis in original). However, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution

5

of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," such motion should not be treated as a second or successive petition. *Id.*

Here, Petitioner alleges that the judgment violates his right to due process because he was deprived – when he did not receive notice that the Court granted him leave to file a supplemental response to the Government's answer – of the opportunity to raise new arguments and new evidence in response to the Government's answer. Petitioner does not challenge the Court's determination of the merits of his petition. Rather, he asserts that he was deprived of a full and fair opportunity to be heard as a result of the Court's failure to mail the June 21, 2013 order to him. Accordingly, review under Rule 60(b)(4) is available.

### *Legal Standard and Availability of Rule 59(e)*

A motion for reconsideration of a judgment or an order disposing of a § 2255 petition is permitted under Rule 59(e) of the Federal Rules of Civil Procedure, which permits a party to file a motion to alter or amend the judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e); *see Beras v. United States*, No. 05 CIV. 2678 SAS, 2013 WL 2420748, at *1 (S.D.N.Y. June 4, 2013) (Although "entry of judgment under Rule 58 of the Federal Rules of Civil Procedure is not required after an order disposing of a petition under Section 2255, because habeas proceedings represent a further step in the criminal case, not an independent civil case requiring an independent final judgment[,] ... a motion under Rule 59(e) to amend or correct an order disposing of a Section 2255 may still be brought, although such an order is not a [judgment].") (citations omitted).

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "It is well-

settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Motions for reconsideration are also governed by Local Civil Rule 6.3, which requires that the movant file "a memorandum setting forth concisely the matters or controlling decisions which [the movant] believes the court has overlooked." Local Civil Rule 6.3.

## *Discussion*

Petitioner seeks to file a supplemental response to the Government's answer which will include further evidence and arguments in support of two of the claims which he raised in his initial habeas petition – that his trial and appellate counsel were ineffective in negotiating his plea agreement without securing a reduction for acceptance of responsibility and in filing an *Anders* brief, respectively.

Petitioner cannot prevail on a motion pursuant to Rule 60(b)(4). Even assuming that Petitioner did not have notice that the Court granted him leave to file a supplemental response, Petitioner's right to due process was not violated. First, he had over a year in which to inquire of the Court about the status of his motion or to submit additional evidence. He elected not to do so. Second, and more importantly, he had ample opportunity to be heard on his petition. He submitted a detailed petition and received ample notice of the Government's answer to his petition. He submitted a detailed response to the Government's answer. This Court considered and rejected all of the arguments submitted by Petitioner in support of his claims that he was misled into believing he would receive a sentence reduction for acceptance of responsibility. As the Court found in its June 6, 2014 order denying the petition:

> Dugan was clearly warned repeatedly prior to pleading guilty that he would not receive any reduction for acceptance of responsibility. It is obvious from the record

that he and his attorney discussed the matter prior to Dugan pleading guilty, as evinced by the fact that his attorney raised the issue with the Court – explaining that Dugan was "disappointed" not to receive such a reduction. (Plea Tr. at 14:17-23.) This prompted the Court to confirm, on the record, that Dugan understood that he would not receive such a reduction – which he did. (*Id.* at 15:6-25) (stating: "I don't agree that I shouldn't get responsibility points" but confirming he understood "if you plead guilty … you will not receive … acceptable of responsibility points.") Thus, his claim that he is entitled to relief from judgment because he pleaded guilty while under the false impression that he would receive a sentence reduction for acceptance of reasonability is denied because his allegations are clearly false.

(Dkt. No. 9 at 6-7.) Likewise, the Court has considered and rejected Petitioner's claim that his appellate attorney was ineffective for filing an *Anders* brief, finding:

> … Dugan had no viable appellate claims that were not waived by the appellate waiver contained in the plea agreement. The duty of appellate counsel is to "support his client's appeal to the best of his ability." *Anders*, 386 U.S. at 744. Counsel must either proceed with the appeal or, if he believes the appeal is frivolous, submit a motion to withdraw as counsel "referring to anything that might arguably support the appeal." *Id.* In this case, Dugan's attorney submitted such a motion, and, in granting the attorney's motion, the Court of Appeals concluded that there were no non-frivolous grounds to appeal and that the attorney had met the proper standards of reasonableness. Accordingly, his appellate counsel properly submitted an *Anders* brief. *See Cobb v. United States*, 496 F. Supp. 2d 215, 219 (N.D.N.Y. 2006) ("The submission of an *Anders* brief does not meet the *Strickland* standard for ineffective assistance if the request to withdraw is granted by the court.") (citing *Anders*, 386 U.S. at 745 ("such handling would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled")).

(Dkt. No. 9 at 7.) Finally, Petitioner has presented no credible facts or arguments that he did not have an opportunity to present. Given that Petitioner had a full and fair opportunity to present his claims, the judgment does not violate due process and he has no grounds for relief under Rule 60(b)(4). Petitioner's motion under Rule 59(e) is similarly denied because he has failed to demonstrate that the Court overlooked any facts or law that "might reasonably be expected to alter the conclusion reached by the court," because nothing in his declaration suggests that Petitioner had any *credible* new arguments or new evidence that he did not have a full and fair

opportunity to present. *Shrader*, 70 F.3d at 257. Accordingly, Petitioner's motion to vacate the judgment is denied.

## *Conclusion*

Petitioner's Motion to Vacate the Judgment is DENIED. [Dkt. No. 11.] Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Additionally, in light of Petitioner's false statements, this matter is referred to the United States Attorney's Office for the Eastern District of New York.

**SO ORDERED.**

s/Sandra L. Townes
/SANDRA L. TOWNES
United States District Judge

Dated: September 3, 2015
Brooklyn, New York